United States District Court
Southern District of Texas
**ENTERED**
July 20, 2022
Nathan Ochsner, Clerk

United States District Court  Southern District of Texas

| | | |
|---|---|---|
| Joseph Pawson Jr., | § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-21-2658 |
| Kilolo Kijakazi, | § § § | |
| Defendant, | § | |

## Opinion on Summary Judgment

1. *Introduction.*

    The question is whether substantial evidence supports the commissioner's decision that Joseph Pawson, Jr., is not disabled under the Social Security Act. It does.

2. *Standard of Review.*

    Pawson brought this action for judicial review of the commissioner's final decision to deny him disability insurance benefits. *See* 42 U.S.C. §§ 205(g), 405(g) (2005).

    Judicial review is limited to determining whether substantial evidence in the record supports the commissioner's decision. This is a level of proof that a reasonable mind would accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A decision unsupported by substantial evidence must be overturned. It would be arbitrary, failing the requirement that governmental process be regular. *U.S. Const. amend. V.*

3. *Statutory Criteria.*

    The law has a five-step evaluation process to determine whether a claimant is disabled. First, a claimant is not disabled if he works for substantial gain. Second, a claimant is not disabled unless he has been medically impaired for at least twelve

months. Third, a claimant is not disabled unless his impairment meets one listed in appendix 1 of the regulation. Fourth, if the commissioner has yet to make a determination, he will consider the effects of the claimant's impairments on his capacity to work. If the claimant is able to perform his past work, he is not disabled. Fifth, a claimant is not disabled if he can adjust to other work that is a significant part of the national economy. 20 C.F.R. § 404.1520(a) (2003).

4. Evidence.

   A. Background.

Pawson is a 59-year-old man who says that he is disabled by: (a) bipolar disorder; (b) anxiety disorder; (c) major depressive disorder; (d) personality disorder; and (e) poly-substance abuse disorder.

Pawson has a high-school education and has worked as a grocery stocker, delivery driver, and a department lead at a grocery store. When he applied for social security on September 25, 2019, he said that his disability had begun on June 13, 2019.

The hearing officer found that Pawson's impairments did not meet or equal a listed impairment. He decided that Pawson could do medium work. Pawson's appeal was denied by the Appeals Council.

   B. Application.

The hearing officer properly found that Pawson was not disabled. He made five findings:

First, Pawson has not been gainfully employed. Second, the hearing officer found that Pawson's bipolar disorder, anxiety disorder, major depressive disorder, personality disorder, and poly-substance abuse disorder were severely impairing him. Third, none of Pawson's impairments met one listed. Fourth, the officer determined that Pawson can do a full range of work at a medium exertional level after considering the combined effects of his impairments. Fifth, the officer found that Pawson could find work in the national economy as a warehouse worker, industrial cleaner, or a kitchen helper.

Pawson says that the Agency erred by: (a) not complying with regulations in weighing the evidence; (b) not evaluating witness credibility, and (c) finding non-disability without substantial evidence.

The record shows that the hearing officer complied with the regulations in weighing the evidence. The hearing officer considered the testimony of Michael Osborne, who said that Pawson has impaired memory, daily panic attacks, and paranoia. He said that Pawson cannot be around others, as it elevates his anxiety, and he hears voices in his head. Osborne, however, said that his judgment and insight were fair and had moderate limitations.

Pawson's mother said that he has poor memory and is unable to manage money or do anything without help from others. She said that he has no energy and is phobic. Pawson said that his depression and anxiety prevent him from taking care of his home and himself. He said he cannot be around others. The hearing officer accounted for multiple witness' testimony in his decision. Substantial evidence exists to support that the hearing officer properly weighed the evidence.

In his second point of error, Pawson says that the Agency inadequately evaluated the witness' credibility. Osborne is a licenced medical professional and said that Pawson suffers from many ailments such as panic attacks, paranoia, impaired memory, and others. He said that, despite these ailments, Pawson has fair judgment, concentration, and attentiveness. He gave testimony that supports the finding that Pawson is able to do medium work, despite the contrary opinion of Pawson's mother, who says that he is unable to do anything because of his ailments. Osborne's testimony is also consistent with the vocational expert's finding that Pawson can do medium work. Substantial evidence exists to support that the hearing officer properly evaluated the credibility of the witnesses.

In his third point of error, Pawson says that no substantial evidence exists to support that he is not disabled. Pawson previously worked as a grocery stocker, delivery driver, and a department lead at a grocery store. Pawson says that he was fired from his job because of his anxiety and that he cannot deal with work pressures. He says that he left work early 11 days out of the month. He does not want to get out of bed five days a week and has not gone out in six or seven months.

The record shows that Pawson does not suffer from any serious physical disability that impairs his ability to do medium work. He has no physical disability

that prevents him from finding a job and earning wages. He previously worked as a delivery driver and a stocker without any physical hindrance. The vocation expert said that could he work as a warehouse worker, industrial cleaner, and kitchen helper. These jobs require minimal physical activity and interaction with people. Substantial evidence exists to support the hearing officer's finding that Pawson is not disabled.

5. *Conclusion.*

The commissioner's decision denying Joseph Pawson Jr's claim for disability insurance is supported by substantial evidence and will be affirmed. Joseph Pawson, Jr., will take nothing from Kilolo Kijakazi.

Signed on July **20**, 2022, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge